IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| RAHIEM BROOKS | : | NO.  05-696 |

**MEMORANDUM AND ORDER**

**Gene E.K. Pratter, J.**                                                                                                            **March 5, 2009**

Rahiem Brooks is awaiting sentencing following his conviction by a jury of six counts of uttering and possessing counterfeit securities in violation of 18 U.S.C. § 513.  Mr. Brooks, who proceeded through trial pro se with able stand-by counsel available, continues to represent himself.  He now seeks a continuance of his sentencing date and requests that the Court order a psychiatric and/or psychological examination as a supplement to the information that will be available in connection with sentencing.

Even while continuing to be impressed by the skills and demeanor exhibited by Mr. Brooks in his own interests, the Court denies the defense motion.

Pursuant to 18 U.S.C. § 4241(a), a criminal defendant shall be subjected to a competency hearing "if there is reasonable cause to believe that a defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a).  The Court has no such cause or concern here about Mr. Brooks and no one else has raised such a possibility.  Rather, Mr. Brooks has only demonstrated

that he is keenly aware of the nature and consequences of all the proceedings, as well as of the opportunities available to him and to others to have an impact upon those proceedings.

The Court has the discretion to order psychological testing and reports - -but is not required to do so - - concerning a defendant as an aid to the Court in weighing sentencing consideration. 18 U.S.C. § 3552.  This option is available if the Court desires more information than is otherwise available to the Court as a basis for determining the Defendant's mental condition.  Here, the Court is confident that its sentencing function can be carried out fully and fairly without need of any additional information such as would be produced by the proposed examination.  Not only is precise, clinical information about Mr. Brooks mental condition at this precise time not central to any issue presented by sentencing, but to the extent some information about Mr. Brooks psyche or mental state may be of some general use, the Court has sufficient references from the presentence report, from Mr. Brooks own submissions, from the Court's own many direct interactions with Mr. Brooks and from the Courts review of Mr. Brooks substantive legal positions.  Therefore, the Court declines to exercise its discretion to order psychological testing or to delay the sentencing date.

BY THE COURT:


  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **RAHIEM BROOKS** | : | **NO. 05-696** |

## O R D E R

AND NOW, this 5th day of March, 2009, upon consideration of the Motion of Rahiem Brooks' for Extension of Time in Which to Supplement Defendants Combined Sentencing Memorandum (Docket No. 126), and the Government's objection to the continuance request, it is hereby **ORDERED** that the Motion is **DENIED.** The sentencing hearing will proceed as scheduled on March 10, 2009.

BY THE COURT:

  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge